UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                **MEMORANDUM OPINION AND ORDER**
                                    Crim. No. 15-315 (MJD)

Joshua Beardemphl,

    Petitioner/Petitioner.

---

Benjamin Behar, Assistant United States Attorney, Counsel for Plaintiff.

Petitioner, *pro se*.

---

This matter is before the Court on Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 based on claims of ineffective assistance of counsel.

**I.   Background**

On February 9, 2016, Petitioner pleaded guilty to Count 4 of the Indictment which charged him with being a felon in possession of firearms as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  In exchange, the government agreed to dismiss counts 1, 2, 3, 5 and 6 which charged additional drug and firearms charges.  The Indictment listed the following prior

1

convictions: 1998 Second-Degree Controlled Substance; 1999 Third-Degree Burglary; 2003 Felon in Possession of a Firearm; 2003 Second Degree Assault; 2003 Second Degree Assault; 2003 Fifth-Degree Controlled Substance Sale; and 2003 First-Degree Controlled Substance Sale.

On December 21, 2016, Petitioner was sentenced to a term of imprisonment of 160 months pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), which was below the applicable guideline range of 188 to 235 months and below the statutory mandatory minimum sentence of 180 months. Petitioner appealed his sentence, arguing he should not have been classified as an armed career criminal. The Eighth Circuit rejected his arguments, finding he was properly classified as an armed career criminal based on his prior convictions and that the appeal waiver in the Plea Agreement was valid, applicable and enforceable. United States v. Beardemphl, 700 Fed. Appx. 560 (8th Cir. 2017).

On December 11, 2018, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.[1] Petitioner claims he is

---

[1] After filing the motion, Petitioner filed multiple requests for extensions by which to file his memorandum in support. The Court granted those extensions and Petitioner filed his memorandum in support on October 28, 2019. The government filed its response on January 8, 2020. Petitioner was given the opportunity to file a reply brief on or before March 4, 2020, but no reply brief was filed.

entitled to relief as his counsel was ineffective for failing to challenge his prior conviction for Fifth Degree Possession with Intent to Sell Marijuana as a predicate offense under the Armed Career Criminal Act ("ACCA"). Petitioner also argues that his prior convictions of third-degree burglary and second-degree assault do not qualify as violent felonies under the ACCA.

II.     **Standard of Review**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974).

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted). Claims of ineffective assistance of counsel may constitute the "cause and prejudice" required to excuse otherwise procedurally defaults claims. Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999).

Petitioner is entitled to an evidentiary hearing on his petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

### III. Discussion

**A. Ineffective Assistance of Counsel**

Claims of ineffective assistance must be scrutinized under the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, Petitioner must prove that: 1) counsel's representation was deficient; and 2) counsel's deficient performance prejudiced Petitioner's case. Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000) reh'g and reh'g en banc denied, (March 28, 2000).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms. Strickland, 466 U.S. at 688. The inquiry should be whether counsel's assistance was reasonable considering all the circumstances surrounding the case. Id. Judicial scrutiny of counsel's performance should be highly deferential, and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 689.

To satisfy the second prong under the Strickland test, Petitioner must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 691.

### 1. Fifth Degree Possession with Intent Conviction

In 2003, Petitioner was convicted of Fifth-Degree Possession with Intent to Sell Marijuana in violation of Minn. Stat. § 152.025, subd. 1(1).  At that time, the statutory penalty for that conviction was at least six months and no more than ten years in prison if the Petitioner had a prior controlled substances conviction.  Petitioner had previously been convicted of a second-degree controlled substance conviction in 1998.  Minn. Stat. § 152.025, subd. 3(b) (2002).  In 2016, the statutory penalties were amended providing for a statutory maximum of five years in prison.  Laws 2016, c. 160, § 7, eff. Aug. 1, 2016.

Petitioner argues that Minn. Stat. § 152.025 no longer qualifies as a predicate offense under the ACCA since the statutory penalty was amended to a maximum five years.  To be considered a predicate offense under the ACCA, Petitioner had to have been convicted of a "serious drug offense" which is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924 (e)(2)(A)(ii).

The Court finds this argument has no merit, as the statute in effect at the time of Petitioner's prior conviction controls as to whether such prior conviction is a predicate offense. McNeill v. United States, 563 U.S. 816, 821 (2011) (finding prior drug convictions under Georgia law qualified as predicate offenses under the ACCA even though Georgia legislature later lowered statutory penalties for drug charges below ten year maximum); United States v. Libby, 880 F.3d 1011, 1016 n. 3 (8th Cir. 2018) (when determining whether prior conviction is predicate offense under the ACCA, analysis must focus on the law as codified at the time of conviction). Accordingly, Petitioner cannot demonstrate that his counsel was ineffective for failing to raise this argument at sentencing.

Next, to the extent that Petitioner argues that Minn. Stat. § 152.025 does not otherwise fall within the definition of "serious drug crime" as defined by the ACCA, such claim fails. A "serious drug crime" is defined in the ACCA as an "offense . . . involving manufacturing, distributing, or possession with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). Under Minnesota law at the time of Petitioner's conviction, fifth degree drug possession with intent to distribute involved the following:

> Subdivision 1. Sale crimes. A person is guilty of controlled substance crime in the fifth degree if: (1) the person unlawfully sells one or more

> mixtures containing marijuana or Tetrahydrocannabinols, except a small amount of marijuana for new remuneration;
>
> \*\*\*
>
> Subdivision 3. Penalty . . . . (b) If the conviction is a subsequent controlled substance conviction, a person convicted under subdivision 1 or 2 shall be committed to the commissioner of corrections or to a local correctional authority for not less than six months nor more than ten years and, in addition, may be sentenced to payment of a find of not more than $20,000.

Minn. Stat. § 152.025 (2002).

In <u>United States v. Bynum</u>, the Eighth Circuit held that a Petitioner's convictions of third and fourth-degree drug offenses under Minnesota law were predicate offenses under the ACCA. <u>Id.</u> 669 F.3d 880, 885 (8th Cir. 2012).

> In summary, we . . . hold that Bynum's conviction for offering "to sell, give away, barter, deliver, exchange, distribute or dispose of" drugs, regardless of the Petitioner's specific intent or ability to carry out the sale, "involves" the distribution of drugs and is thus categorically a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A)(ii). Because both the actual-sale and offer-to-sell parts of the Minnesota statute are "serious drug offenses" within the meaning of the ACCA, we conclude that the district court erred in refusing to designate Bynum as a career criminal offender and by failing to sentence him accordingly.

<u>Id.</u> 669 F.3d at 887–88. This decision applies to Petitioner's fifth-degree drug conviction, as the definition of "sell" in Minn. Stat. § 152.-1, subdiv. 15a applies to any drug offense under Minnesota law. Accordingly, Petitioner cannot

demonstrate that counsel was ineffective for failing to challenge his prior conviction of fifth-degree drug possession with intent.

### 2. Whether Petitioner Has Three Predicate Prior Convictions Under the ACCA.

Petitioner argues that counsel failed to properly argue that his prior convictions for third-degree burglary and assault are not predicate offenses under the ACCA. As set forth above, the Minnesota drug convictions are predicate offenses under the ACCA. In addition, the Eighth Circuit has held that assault convictions under Minnesota law fall within the definition of "violent felony" under the ACCA and are therefore predicate convictions under the ACCA. See United States v. Schaffer, 818 F.3d 796 (8th Cir. 2016); United States v. Kincaide, 787 Fed. Appx. 908 (8th Cir. Sept. 12, 2019) (reaffirming Schaffer that Minnesota assault conviction is a predicate offense under the ACCA).

Because Petitioner had at least three predicate offenses under the ACCA, Petitioner's claims of ineffective assistance of counsel based on counsel's failure to properly argue he was not an Armed Career Offender under the ACCA are without merit.

## IV. Certificate of Appealability

With regard to the procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the decision on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

**IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate Under § 2255 [Doc. Nos. 87 and 102] is **DENIED;** and

2. No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: April 8, 2020           s/ Michael J. Davis
                                               Michael J. Davis
                                               United States District Court